**LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 1440, Plaintiff,**

v.

**GREAT LAKES CONSTRUCTION CORPORATION, Defendant.**

No. 77–C–28.

United States District Court,
E. D. Wisconsin.

Feb. 6, 1980.

---

Padway & Padway by M. Nicol Padway, Milwaukee, Wis., for plaintiff.

Melli, Shiels, Walker & Pease by James K. Pease, Jr., Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action involves a jurisdictional dispute between the plaintiff (Laborers) and the United Brotherhood of Carpenters and Joiners of America, Local Union No. 836 (Carpenters). However, in this action against the employer, Great Lakes Construction Corporation, the Carpenters have not been named as a party. The dispute arose in August 1976 when Great Lakes Construction Corporation, at the Carpenters' instance, reassigned certain work to the Carpenters which the Laborers previously had been performing. The defendant was at all times material hereto under contractual obligations with both unions.

When the defendant refused, pursuant to its collective bargaining agreement with the plaintiff, to arbitrate the propriety of the work reassignment, the plaintiff filed two unfair labor practice charges with the Wisconsin Employment Relations Commission charging that the defendant had violated the collective bargaining agreement by improperly reassigning the work and by refusing to arbitrate the matter. The plaintiff demanded that the defendant be compelled to arbitrate the work assignment issue and sought damages for the contractual violation. The defendant removed the action to federal court and moved to dismiss on the ground that the plaintiff had failed to join an indispensable party, the Carpenters. On the view I take of the case, I need not determine whether the Carpenters union is an indispensable party.

It is undisputed that the Laborers and Carpenters were, in 1976, through their parent internationals, both affiliated with the Building and Construction Trades Department, AFL–CIO. Article X of the latter's constitution provides that all jurisdictional disputes between affiliated local unions "shall be settled and adjusted according to the present plan established by the Building and Construction Trades Department, . . . ." Article X further provides that settlements reached under the plan "shall be recognized as final and binding upon . . . all affiliated National or International Unions and their affiliated Local Unions."

The plan contemplated by Article X is entitled "Plan for Settlement of Jurisdictional Disputes in the Construction Industry" (Plan). Article III of the Plan establishes the Impartial Jurisdictional Disputes Board (IJDB) for the purpose of settling disputes between affiliated parent and local unions. Article VII, § 5, of the Plan makes it a violation of the Plan for any affiliated union to submit a jurisdictional dispute to any forum other than the IJDB.

In the instant case, the plaintiff advances three arguments to avoid dismissal of this action and issuance of an order remitting the parties to the IJDB. The first two of these contentions—that its collective bargaining agreement with the defendant requires bilateral arbitration of all contractual disputes, including the instant one, and that it is entitled to damages if it is found that the defendant violated the agreement—were considered and expressly rejected in *Local 416, Sheet Metal Workers International Ass'n v. Helgesteel Corp.*, 507 F.2d 1053, 1056–58 (7th Cir. 1974). In that case, the court of appeals squarely held that the competing unions' agreement to submit jurisdictional disputes to an inter-union arbitral forum superceded an arbitration provision in the union's collective bargaining agreement with the employer. *Accord, Local 49, Sheet Metal Workers International Ass'n v. Los Alamos Constructors, Inc.*, 550 F.2d 1258, 1262–65 (10th Cir. 1977). In *Helgesteel*, the circuit court reversed the district court's entry of summary judgment and remanded "with direction that the parties be ordered to initiate proceedings to resolve this jurisdictional dispute before the National Joint Board for the Settlement of Jurisdictional Disputes." 507 F.2d at 1058.

■ The plaintiff's third contention is that it might be frivolous to submit its jurisdictional dispute with the Carpenters to the IJDB because there is no guarantee that the defendant will be bound by that body's ruling. This argument is not persuasive because the defendant has expressly undertaken in its collective bargaining agreement with the plaintiff to recognize "any jurisdictional awards" made in favor of the plaintiff by the IJDB. Accordingly, I believe that the plaintiff should be referred to the forum which is specifically provided for resolving this kind of dispute, namely the IJDB. *Id.*

Therefore, IT IS ORDERED that the defendant's motion to dismiss for failure to join an indispensable party be and hereby is dismissed as moot.

IT IS ALSO ORDERED that the complaint and this action be and hereby are dismissed without prejudice to the plaintiff's right to initiate proceedings before the Impartial Jurisdictional Disputes Board.