**GLAZIERS' LOCAL UNION NO. 1204, Petitioner,**

v.

**PPG INDUSTRIES, INC., Respondent.**

Civ. A. No. 83-C-258.

United States District Court,
E.D. Wisconsin.

Sept. 29, 1983.

Barbara Zack Quindel, Milwaukee, Wis., for petitioner.

Paul V. Lucke, Milwaukee, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises out of a work assignment that allegedly violated the jurisdictional provisions of the parties' collective bargaining agreement. The Glaziers Local Union has petitioned this Court for an order compelling arbitration pursuant to the collective bargaining agreement between the parties. Jurisdiction derives from 9 U.S.C. § 4 and 29 U.S.C. § 185(a). The petition is denied.

The grievance pertains to respondent PPG Industries' assignment of work involving the erection of curtainwall at the MGIC plaza in Milwaukee, Wisconsin. Respondent had originally intended to assign this work to a subcontractor, but later decided to assign it to its own employees who were members of the Iron Workers Union. The petitioner objected, maintaining that this work was within its jurisdiction under the collective bargaining agreement and, after efforts to resolve the matter, notified respondent of its intent to proceed before an arbitrator. The alleged right to arbitration derives from a provision of the collective bargaining agreement.

Respondent's primary contention is that petitioner seeks to proceed before an improper forum. It asserts that the International Brotherhood of Painters and Allied Trades, of which the petitioner is an affiliated local, has agreed on behalf of its affiliates to resolve interunion jurisdictional disputes before the Impartial Jurisdictional Disputes Board ("IJDB"). In respondent's view, petitioner is seeking to avoid an adverse response from the IJDB by resorting to the collective bargaining agreement. Respondent concludes that petitioner has reneged on its agreement to resolve jurisdictional disputes before the IJDB, and that petitioner should be estopped from seeking enforcement of the collective bargaining agreement's arbitration clause.

A similar situation confronted Judge Myron Gordon in *Laborers Int. Union Local 1440 v. Great Lakes Constr. Corp.*, 484 F.Supp. 1300 (E.D.Wis.1980). In that case, the defendant had reassigned the plaintiff's work to another union. Both unions, like the petitioner here, were affiliated with the international unions comprising the Building and Construction Trades Department,

AFL–CIO. Article X of the latter's constitution, in turn, provided that all jurisdictional disputes between affiliated local unions "shall be settled and adjusted according to the present plan established by the Building and Construction Department ..." and that settlements reached under the plan "shall be recognized as final and binding upon the Department and upon all affiliated National or International Unions and their affiliated local unions." The plan referred to in Article X established the IJDB, and prohibited affiliated unions from submitting jurisdictional disputes to forums other than the IJDB. Given these provisions, the Court specifically rejected the plaintiff's argument that the collective bargaining agreement required bilateral arbitration.

I find that the approach taken in *Great Lakes* controls here. Respondent asserts, and petitioner does not deny, that the international union with which petitioner is affiliated has agreed to participate in the plan establishing the IJDB. In light of this agreement and the prohibition against proceedings in forums other than the IJDB, I conclude that the collective bargaining agreement's arbitration provision does not supercede the plan for procedure before the IJDB. *See Local 416, Sheet Metal Workers Int. Ass'n v. Helgesteel Corp.,* 507 F.2d 1053 (7th Cir.1974); *see also Local No. 1423, Glaziers v. PPG Industries,* 378 F.Supp. 991 (N.D.Ind.1974).

I disagree with petitioner's contention that *Laborer's Int. Union Local No. 309 v. W.W. Bennet Constr. Co.,* 686 F.2d 1267 (7th Cir.1982) compels a contrary result. In that case, the Court of Appeals affirmed an order of specific performance of the arbitration clause of a collective bargaining agreement, despite the appellant's contention that bipartite arbitration was an improper means of resolving the jurisdictional dispute giving rise to the case. The Court of Appeals considered two alternative methods by which employers have avoided the problem of being " 'trapped in a crossfire between two unions.' " *Id.* at 1272, *quoting Carey v. Westinghouse Elec. Corp.,* 375 U.S. 261, 275, 84 S.Ct. 401, 410, 11 L.Ed.2d 320 (1964) (Black, J., dissenting). One of those alternatives was the use of interunion dispute resolution procedures, such as the IJDB procedure in the instant case. The Court of Appeals found only that this alternative was inapplicable in the case before it, because no one had alleged that the unions were bound to abide by the IJDB procedure; it did not suggest that this procedure is undesirable or presumed to be subordinate to contrary provisions in collective bargaining agreements.

Finally, the parties dispute the efficacy of the IJDB procedure. Petitioner alleges that the IJDB is not issuing decisions in work assignment disputes, while respondent contends that the IJDB meets with unions in an effort to resolve conflicting claims to work assignments. Because there has been no submission of any statement showing that the petitioner has formally been released from the requirement that it submit its disputes to the IJDB, I can only hold the petitioner to the plan established by its parent organization.

THEREFORE, IT IS HEREBY ORDERED that the petition to compel arbitration is denied, and that this action be dismissed.